1  KALPANA SRINIVASAN (237460)
   ksrinivasan@susmangodfrey.com
2  OLEG ELKHUNOVICH (269238)
   oelkhunovich@susmangodfrey.com
3  MICHAEL GERVAIS (330731)
   mgervais@susmangodfrey.com
4  LEAR JIANG (338600)
   ljiang@susmangodfrey.com
5  SUSMAN GODFREY L.L.P.
   1900 Avenue of the Stars, Suite 1400
6  Los Angeles, California  90067-6029
   Telephone:  (310) 789-3100
7  Facsimile:  (310) 789-3150

8  CHANLER LANGHAM (admitted *Pro Hac Vice*)
   clangham@susmangodfrey.com
9  SUSMAN GODFREY L.L.P.
   1000 Louisiana, Suite 5100
10 Houston, Texas  77002-5096
   Telephone:  (713) 651-9366
11 Facsimile:  (713) 654-6666

12 Attorneys for Plaintiff

13            **UNITED STATES DISTRICT COURT**

14            **NORTHERN DISTRICT OF CALIFORNIA**

15            **OAKLAND/SAN FRANCISCO DIVISION**

16

17 | META PLATFORMS, INC., a Delaware | Case No. 21-cv-09807 AGT |
   | corporation, | |
18 | | **PLAINTIFF'S CASE MANAGEMENT** |
   | Plaintiff, | **STATEMENT** |
19 | | |
   | vs. | DATE:        July 15, 2022 |
20 | | TIME:        2:00 p.m. |
   | Social Data Trading Ltd., d/b/a "SOCIAL | PLACE:       Courtroom A |
21 | DATA," "SOCIALDATA.HK," and | |
   | "IQDATA.SOCIAL" | |
22 | | |
   | Defendant. | |
23

24

25

26

27

28

10714314v1/017284

1    Pursuant to Civil Local Rule 16-9 and Rule 26(f) of the Federal Rules of Civil Procedure,

2    the Court's Order Setting Initial Case Management Conference and ADR Deadlines (ECF No. 6)

3    and Order Granting Plaintiff's Motion to Continue the Initial Case Management Conference (ECF

4    No. 14), Plaintiff Meta Platforms, Inc. ("Meta") submits this Case Management Statement in

5    advance of the Case Management Conference scheduled for July 15, 2022, at 2:00 p.m.  Meta

6    submits its own statement because Defendant Social Data Trading, Ltd. ("Defendant") has not

7    appeared in this case, and default has been entered against Defendant.  ECF No. 19.

8        **1.  Jurisdiction & Service**

9        The Court has subject matter jurisdiction over all causes of action alleged in this matter

10   under 28 U.S.C. § 1332 because complete diversity exists and the amount in controversy exceeds

11   $75,000.

12       Defendant has been served by several methods provided for and permitted under the Hague

13   Convention. On May 17, 2022, Defendant was served in compliance with Fed. R. Civ. P. 4(f)(1)

14   and Article 5 of the Hague Convention.  Meta has filed with the Court an executed Hague

15   Convention Certificate of Service upon Defendant.  ECF No. 17.  Additionally, on May 13, 2022,

16   Defendant was served through a form of mail addressed and sent by the Clerk of Court, and which

17   required a signed receipt. *See* Fed. R. Civ. P. 4(f)(2)(C)(ii).  Defendant was also served personally

18   after the service documents were delivered to Defendant's address on May 20, 2022.  ECF. No. 18.

19       The Clerk of Court entered default against Defendant on June 29, 2022.  ECF. No. 19.

20   Meta is not aware of any issues regarding personal jurisdiction or venue.

21       **2.  Facts**

22       Meta operates, among other products, Instagram—a photo and video sharing service,

23   mobile application, and social network.  Instagram users can post photos and videos to their profiles

24   and users can view, "like," or comment on posts shared by others.  To sign up for and use the

25   service, Instagram users must agree to Instagram's Terms of Use ("Instagram's Terms"), which

26   prohibits any user from (a) "do[ing] anything unlawful, misleading, or fraudulent or for an illegal

27   or unauthorized purpose;" (b) "creating accounts or collecting information in an automated way;"

28   (c) using Instagram if Meta had "previously disabled your account for violation of any law or any

1   of [Instagram's] policies"; and (d) "help[ing] or encourage[ing] others to violate" Instagram's

2   Terms.

3       Defendant has agreed to Instagram's Terms.  Defendant operated a service designed to

4   improperly collect or "scrape" data from various websites, including Instagram, via unauthorized

5   automated means.  Defendant sells the data it scrapes from Instagram. Defendant's scraping

6   violates Instagram's Terms and improperly accessed Meta computers without authorization.  Since

7   at least September 2020, Meta has taken various enforcement actions against Defendant, including

8   by disabling Defendant's accounts, revoking Defendant's access to its services, and by sending

9   Defendant a cease-and-desist letter.  As of the date of filing of this action, Defendant continued to

10  scrape Instagram.

11      **3.  Legal Issues**

12      Meta alleges claims for breach of contract, unjust enrichment, and violations of California's

13  Comprehensive Computer Data Access and Fraud Act (Cal. Penal Code § 502).  Meta requests

14  damages and injunctive relief.

15      On June 27, 2022, Meta filed a request for the Clerk of Court to enter default against

16  Defendant.  ECF No. 18.  The Clerk of Court granted the request and entered default against

17  Defendant on June 29, 2022.  ECF No. 19.  Given that Defendant has not appeared in this action or

18  responded to the complaint and is now in default, Meta anticipates that the principal legal issue

19  remaining in this action will be the amount of damages owed to Meta and the scope of injunctive

20  relief on default judgment.

21      **4.  Motions**

22      On January 7, 2022, Meta filed a Motion for Appointment of International Process Server,

23  requesting that Crowe Foreign Services be appointed an international process server in this matter

24  for the purposes of requesting service in accordance with the Hague Convention and forwarding

25  any and all documents to the Hong Kong Central Authority.  ECF No. 9.  The Court granted Meta's

26  motion on January 10, 2022.  ECF No. 10.

27      On March 4, 2022, Meta filed a Motion to Continue the Initial Case Management

28  Conference and related deadlines, given that Defendant had not yet appeared in this action.  ECF

PLAINTIFF'S CASE MANAGEMENT STATEMENT
Case No. 21-cv-09807 AGT

10714314v1/017284

1   No. 11.  The Court granted Meta's motion on March 7, 2022.  ECF No. 14.

2       On June 27, 2022, Meta filed a Request for an Entry of Default as to Defendant, given that

3   Defendant had been served but had not appeared in this action nor otherwise responded to the

4   complaint.  ECF No. 18.  The Clerk of Court entered default against Defendant on June 29, 2022.

5   ECF No. 19.

6       Meta intends to file a Motion for Default Judgment.

7       **5.  <u>Amendment of Pleadings</u>**

8       At this time, Meta does not expect a need to amend any pleadings in this action.

9       **6.  <u>Evidence Preservation</u>**

10      Meta was unable to conduct a Rule 26 conference with Defendant because Defendant has

11  not appeared in this action. Meta has reviewed the Guidelines Relating to the Discovery of

12  Electronically Stored Information and is taking reasonable and proportionate steps to preserve

13  evidence relevant to the issues reasonably evident in this action.

14      **7.  <u>Disclosures</u>**

15      Meta has not served any initial disclosures because Defendant has not appeared in this

16  action.

17      **8.  <u>Discovery</u>**

18      No discovery has been conducted to date because Defendant has not appeared in this action.

19  Meta is considering filing a Motion for Leave to Seek Limited Discovery, which would seek

20  discovery from certain third parties affiliated with Defendant and Defendant's operations.

21      **9.  <u>Class Actions</u>**

22      This matter is not proceeding as a class action.

23      **10.  <u>Related Cases</u>**

24      Meta is not aware of any related cases or proceedings pending before another judge of this

25  Court or another administrative body.

26      **11.  <u>Relief</u>**

27      Meta requests that the Court:

28      (1) enter judgment against Defendant and hold that Defendant has (a) breached its contract

10714314v1/017284

1    with Meta in violation of California law; (b) violated the California Comprehensive Computer Data

2    Access and Fraud Act, in violation of California Penal Code § 502; (c) been unjustly enriched at

3    the expense of Meta in violation of California law;

4         (2) enter a permanent injunction enjoining and restraining Defendant and its agents,

5    servants, employees, successors, and assigns, and all other persons acting in concert with or

6    conspiracy with it or affiliated with Defendant from: (a) accessing or attempting to access Meta's

7    platforms, including Facebook and Instagram, and Meta's computer systems; (b) developing,

8    offering, and marketing software or computer code intended to automate the collection of data or

9    circumvent Meta's enforcement measures; (c) engaging in any activity that disrupts, diminishes the

10   quality of, interferes with the performance of, or impairs the functionality of Meta's platforms,

11   including Facebook and Instagram, and Meta's computer systems; (d) engaging in any activity, or

12   facilitating others to do the same, that violates Instagram's Terms of Use and related policies; (e)

13   restraining Defendant from selling or distributing data of any kind obtained or purportedly obtained

14   from Meta or its products, including Facebook and Instagram;

15        (3) award Meta damages attributable to Defendant's misconduct;

16        (4) award Meta pre- and post-judgment interest as allowed by law;

17        (5) grant all such other and further relief as the Court may deem just and proper.

18   **12.  Settlement and ADR**

19        At this time, Meta does not believe that there are any prospects for settlement given that

20   Defendant has not appeared in this action.  There have been no ADR efforts to date.

21   **13.  Consent to Magistrate Judge For All Purposes**

22        Meta has consented to proceed before a magistrate judge.

23   **14.  Other References**

24        At this time, Meta does not believe that this case is suitable for reference to binding

25   arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

26   **15.  Narrowing of Issues**

27        At this time, Meta does not believe that any issues can be narrowed given that Defendant

28   has not appeared in this action.

10714314v1/017284

**16. Expedited Trial Procedure**

At this time, Meta does not believe that the case can be handled under an expedited schedule.

**17. Scheduling**

On June 27, 2022, Meta filed a request for the Clerk of Court to enter default against Defendant. ECF No. 18. The Clerk of Court granted the request and entered default against Defendant on June 29, 2022. ECF No. 19.

Meta is considering filing a Motion for Leave to Seek Limited Discovery. Meta intends to file a Motion for Default Judgment.

**18. Trial**

It is unlikely that this case will proceed to trial because Defendant has not appeared in this action.

**19. Disclosure of Non-party Interested Entities or Persons**

On December 20, 2021, Meta filed its "Certificate of Interested Entities" as required by Civil Local Rule 3-15. In that certificate, Meta stated that as of December 20, 2021, "other than the named parties, there was no such interest to report." ECF No. 5.

**20. Professional Conduct**

The attorneys of record for Meta have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Other**

Not Applicable.

Dated: July 8, 2022

KALPANA SRINIVASAN
CHANLER LANGHAM
OLEG ELKHUNOVICH
MICHAEL GERVAIS
LEAR JIANG
SUSMAN GODFREY L.L.P

By: */s/ Kalpana Srinivasan*
    Kalpana Srinivasan

Attorneys for Plaintiff
META PLATFORMS, INC.