KALPANA SRINIVASAN (237460)
ksrinivasan@susmangodfrey.com
OLEG ELKHUNOVICH (269238)
oelkhunovich@susmangodfrey.com
MICHAEL GERVAIS (330731)
mgervais@susmangodfrey.com
LEAR JIANG (338600)
ljiang@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California  90067-6029
Telephone:  (310) 789-3100
Facsimile:  (310) 789-3150

CHANLER LANGHAM (admitted *Pro Hac Vice*)
clangham@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, Texas  77002-5096
Telephone:  (713) 651-9366
Facsimile:  (713) 654-6666

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| META PLATFORMS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Social Data Trading Ltd., d/b/a "SOCIAL DATA," "SOCIALDATA.HK," and "IQDATA.SOCIAL"<br><br>Defendant. | Case No. 21-cv-09807 AGT<br><br>**PLAINTIFF'S MEMORANDUM IN SUPPORT OF REQUEST FOR ATTORNEYS' FEES AND COSTS** |

On October 19, 2022, the Court issued an order directing Plaintiff Meta Platforms, Inc. "to file an affidavit in support of its proposed award of attorneys' fees and costs by October 26, 2022." ECF No. 24.  Plaintiff hereby submits this memorandum; the Declaration of Lear Jiang ("Jiang Decl."); and the attached exhibits, in support of its request for attorneys' fees and costs.

## I.   INTRODUCTION

As discussed in Plaintiff's pending motion for default judgment, the Court should award Plaintiff its attorneys' fees and costs.  Defendant Social Data Trading, Ltd. has failed to participate in this action, and as a result, all allegations in the complaint concerning Defendant are deemed admitted. *Baskin-Robbins Franchising LLC v. Pena*, No. 19-cv-06657, 2020 WL 2616576, at *1 (N.D. Cal. May 7, 2020).  Moreover, Defendant has admitted to facts sufficient to establish that it breached Instagram's Terms of Use, was unjustly enriched by its misconduct, and violated California's Comprehensive Computer Data Access and Fraud Act ("CDAFA"; codified at Cal. Penal Code § 502).  As a result, Plaintiff is entitled to its reasonable attorneys' fees as the prevailing party.  *See* Cal. Penal Code § 502(e).

As detailed below, the number of hours spent on this litigation was reasonable, particularly given the service of process issues presented by Defendant, who resides in Hong Kong, China.  Further, the rates charged by Plaintiff's attorneys are comparable to the typical rates charged by attorneys litigating cases in this district.

The Court should therefore award Plaintiff its attorneys' fees in the amount of $361,790.00, as well as its costs in the amount of $3,640.45.

## II.   PLAINTIFF SHOULD BE AWARDED ATTORNEYS' FEES

### A.   An Award of Attorneys' Fees Is Appropriate.

As discussed in Plaintiff's motion for default judgment, Plaintiff has alleged facts sufficient to establish a violation of Cal. Penal Code § 502. *See* Dkt. 23 at 16–17.  The CDAFA provides that "the court may award reasonable attorney's fees" for any civil action brought under the statute. Cal. Penal Code § 502(e).  Courts in this district have awarded attorneys' fees and costs to prevailing parties under this statute, including to Plaintiff in prior cases. *See, e.g.*, *Facebook, Inc. v. Power Ventures, Inc.*, No. 08-cv-05780, 2017 WL 3394754, at *6–7 (N.D. Cal. Aug. 8, 2017)

(awarding attorneys' fees under the statute); *Facebook, Inc. v. Sluchevsky*, No. 19-cv-01277, 2020 WL 582377, at *10 (N.D. Cal. Aug. 28, 2020) (awarding attorneys' fees against a defaulting defendant under the statute); *Solarbridge Techs., Inc. v. Ozkaynak*, No. 10-cv-03769, 2012 WL 2150308, at *9 (N.D. Cal. June 12, 2012); *Craigslist, Inc. v. Doe I*, No. 09-cv-4739, 2011 WL 1897423, at *7 (N.D. Cal. Apr. 25, 2011).

Because Plaintiff's remaining claims involve the same facts and issues as the CDAFA claim, the fees and costs incurred to prosecute the CDAFA claim are intertwined with those incurred to prosecute the remaining claims such that Plaintiff should be awarded all of its reasonable attorneys' fees spent in this litigation. *See, e.g.*, *Sluchevsky*, 2020 WL 5823277, at *11 (recommending recovery under CDAFA for all hours that the Plaintiff's attorneys spent litigating the matter which involved other causes of action).

### B. Plaintiff's Request for Attorneys' Fees Is Reasonable.

Plaintiff seeks a reasonable award of $361,790.00 that it has incurred in attorneys' fees during this action. In determining the reasonableness of an attorneys' fees request, courts can employ the lodestar method, for which a "figure is calculated by multiplying the number of hours the prevailing party reasonably expended on litigation (as supported by adequate documentation) by the reasonable hourly rate for the region and for the experience of the lawyer." *See, e.g.*, *Sluchevsky*, 2020 WL 5823277, at *10 (cleaned up). Under California law, "[i]t is not necessary to provide detailed billing timesheets to support an award of attorney fees under the lodestar method. Declarations of counsel setting forth the reasonable hourly rate, the number of hours worked and the tasks performed are sufficient." *Sweetwater Union High Sch. Dist. v. Julian Union Elementary Sch. Dist.*, 36 Cal. App. 5th 970, 994 (2019) (cleaned up).

Here, Plaintiff seeks fees for 657.90 hours of work as of October 20, 2022, which is commensurate with the prosecution of this litigation. *See Sluchevsky*, 2020 WL 5823277, at *10 ("Only in rare or exceptional cases will an attorney's reasonable expenditure of time on a case not be commensurate with the fees to which he is entitled." (cleaned up)). Plaintiff seeks to recover reasonable attorneys' fees based on the work of Kalpana Srinivasan (co-Managing Partner), Chanler Langham (Partner), Oleg Elkhunovich (Partner), Michael Gervais (Partner), Lear Jiang

(Associate), Alexandra Polin (paralegal), and Kate Gheen (paralegal), associated with, *inter alia*: (1) conducting the initial case strategy and investigation leading up to drafting, reviewing, and filing the complaint; (2) actions associated with serving the Defendant in Hong Kong, China through three different methods provided for under the Hague Convention[1] including strategizing alternative forms of service; and (3) drafting and reviewing the motions for entry of default and for default judgment.

The time spent by Plaintiff's attorneys for each stage identified above are as follows. Plaintiff's counsel spent a total of 293.10 hours through the filing of the complaint on December 20, 2021. During this time, Plaintiff's counsel spent time strategizing about which causes of action to bring in this case, including evaluating various California and Federal causes of action; reviewing drafts of several iterations of the complaint; and conducting research related to potential counterclaims that Defendant may have asserted. *See* Jiang Decl. at ¶ 6.

Between December 21, 2021, up to and including June 16, 2022 (the date that Plaintiff filed its proof of service), Plaintiff's attorneys spent a total of 251.20 hours working on this matter. During this period, Plaintiff's counsel overcame numerous service hurdles presented by Defendant's residence in Hong Kong. Ultimately, counsel attempted to serve Defendant in three forms permitted under the Hague Convention, including by hiring an international process server to effectuate service through Hong Kong's Central Authority. During this period, Plaintiff's counsel prepared and filed a motion for the appointment of an international process server and a motion to continue the case management conference. Plaintiff's counsel also researched possible forms of alternative service and prepared possible drafts of a motion for alternative service. *See* Jiang Decl. at ¶ 7.

Lastly, from June 17, 2022 up to and including October 20, 2022, Plaintiff's attorneys spent a total of 113.60 hours working on this matter. During this period, Plaintiff's counsel researched and prepared a motion for entry of default and a motion for default judgment. Plaintiff's counsel also strategized with Plaintiff regarding potential pre-judgment discovery to pursue against

---

[1] The Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163.

Defendant. *See* Jiang Decl. at ¶ 8, Ex. 1.

The total time spent by each member of Susman Godfrey and his or her hourly rate is detailed in the table below. Jiang Decl. at ¶¶ 9–15, Ex. 1.

| Individual & Title | Hourly Rate for 2021 | Hours Spent in 2021 | Hourly Rate for 2022 | Hours Spent in 2022 |
|---|---|---|---|---|
| Kalpana Srinivasan (Co-Managing Partner) | $1,100 | 17.50 | $1,300 | 6.40 |
| Chanler Langham (Partner) | $650 | 42.20 | $700 | 15.30 |
| Oleg Elkhunovich (Partner) | $650 | 28.70 | $750 | 5.00 |
| Michael Gervais (Partner) | $600 | 24.40 | $675 | 16.40 |
| Lear Jiang (Associate) | $500 | 193 | $525 | 260.60 |
| Alexandra Polin (Paralegal) | $275 | 20.90 | $325 | 26.50 |
| Kate Gheen (Paralegal) | N/A | 0 | $300 | 1.00 |

Plaintiff's counsel's rates are also reasonable. The determination of a reasonable hourly rate "involves examining the prevailing market rates in the community charged for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Cotton v. City of Eureka*, 889 F. Supp. 2d 1154, 1167 (N.D. Cal. 2012). The "relevant community" for the purposes of determining the reasonable hourly rate is the district in which the lawsuit proceeds. *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997). Here, Plaintiff's counsel's rates reflect the customary hourly charges for litigators with similar experience in the San Francisco Bay Area. Courts in this district have very recently held rates of $600 to $1,325 for partners, $895 to $1,150 for counsel, $500 to $600 per hour for associates, and $80 to $490 for paralegals to be reasonable and consistent with prevailing market rates in the area. *See, e.g., Fleming v. Impax Labs. Inc.*, No. 16-cv-06557, 2022 WL 2789496, at *9 (N.D. Cal. July 15, 2022); *Cottle v. Plaid Inc.*, No. 20-cv-03056, 2022

WL 2829882, at *12 (N.D. Cal. July 20, 2022). Plaintiff's counsel's rates are in accord with those deemed reasonable by courts in this district in connection with attorneys with similar skills and experience. *See e.g., Nitsch v. DreamWorks Animation SKG Inc.*, No. 14-cv-04062, 2017 WL 2423161, at *9 (N.D. Cal. June 5, 2017) (rates between $870 and $1,200 per hour for senior attorneys "fair and reasonable" in 2017); *Wynn v. Chanos*, No. 14-cv-04329, 2015 WL 3832561, at *2 (N.D. Cal. June 19, 2015) (finding a rate of $1,085 per hour for a partner and $710 per hour for associates reasonable in 2015).

Accordingly, Plaintiff's request for $361,790.00 in attorneys' fees is reasonable and the Court should award the full amount requested. As noted, Plaintiff's request is in line with the range of fees that courts in this district have awarded in similar actions at the default judgment stage. *See, e.g.*, *Facebook, Inc. v. 9 Xiu Network (Shenzhen) Tech. Co.*, No. 19-cv-01167, 2021 WL 5707741, at *9 (N.D. Cal. Oct. 21, 2021), *report and recommendation adopted sub nom. Facebook, Inc. v. 9 Xiu Network (Shenzhen) Tech. Co.*, 2021 WL 5707740 (N.D. Cal. Nov. 16, 2021) (recommending award of $273,983.29 in attorneys' fees and $28,713.74 in costs in a similar context).

### C. Plaintiff's Costs Were Necessary and Reasonable.

Plaintiff's costs incurred in this action were also necessary, reasonable, and recoverable. A prevailing party is entitled to costs under Rule 54 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 54 (d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). As detailed in the table below, these costs entail filing fees attempts at service through the Hague Convention and other means, and related legal research costs. Jiang Decl. at ¶ 14, Ex. 2.

| Description | Amount |
| --- | --- |
| Case Filing Fee | $402.00 |
| Service of Process Fees (Crowe Foreign Services) Service of Process Fees (Delivery of physical documents to Defendant in Hong Kong) | $2,665.00 |
| Pro Hac Vice Application Fee and Certificate of Good Standing | $337.00 |
| Messenger/Delivery | $236.45 |

| | |
|---|---|
| **Total:** | **$3,640.45** |

Each of these costs was necessary to prosecute this action, and such costs have been awarded in similar cases in the district. *Quotient Tech. Inc. v. Begley*, No. 16-cv-05954, 2017 WL 11575363, at *4 (N.D. Cal. July 18, 2017) (awarding reasonable costs under CFAA and Section 502, including, *inter alia*, costs incurred serving defendants after they failed to waive service); *Sluchevsky*, 2020 WL 5823277, at *11 (awarding reasonable costs under Section 502 including, *inter alia*, filing fees, costs for translating documents, and costs related to service of process under the Hague Convention). Accordingly, Plaintiff should be awarded the full amount of costs requested.

### III.  CONCLUSION

The hours expended by Plaintiff's counsel were reasonable compared to the tasks completed during the litigation, and the fees billed and incurred were comparable to the typical rates charged by attorneys of similar skill, experience, and reputation in the community. Plaintiff should therefore be awarded the full amount of its fees totaling $361,790.00 as well as its costs totaling $3,640.45.

Dated:  October 26, 2022

KALPANA SRINIVASAN
CHANLER LANGHAM
OLEG ELKHUNOVICH
MICHAEL GERVAIS
LEAR JIANG
SUSMAN GODFREY L.L.P.

By:  /s/ *Kalpana Srinivasan*
Kalpana Srinivasan

Attorneys for Plaintiff
META PLATFORMS, INC.